JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04047-JHN-PJWx | Date | October 18, 2010 |
|---|---|---|---|
| Title | Deanna Clark v. KMart Corp. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING TO STATE COURT (In Chambers)

The matter is before the Court on Defendants' Motion to Dismiss and Motion to Strike ("Motion"), filed on September 17, 2010. (Docket no. 25.) Plaintiff filed an Opposition (docket no. 29), and Defendants thereafter filed a Reply (docket no. 30.) Additionally, Plaintiff filed a Request for Default Judgment Against Defendant Doug Cleary (docket no. 32), Defendants filed an Opposition to that request (docket no. 33), and Plaintiff filed a Reply (docket no. 34).[1] The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 25, 2010, is removed from the Court's calendar.

The Court finds as a threshold matter that it does not have subject matter jurisdiction over this action and therefore remands this case to state court. *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court must remand if it lacks jurisdiction.").

According to Defendants' Notice of Removal ("Notice"; docket no. 1), Plaintiff originally filed suit in the Superior Court of California for the County of San Bernardino on April 7, 2010. (Notice ¶ 1.) Defendants removed to federal court on the ground that Plaintiff had fraudulently joined a nondiverse defendant. (*Id.* at ¶¶ 3, 6, 9.)

A defendant is fraudulently joined, or a "sham" defendant, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Defendants argued that the claims originally brought against the nondiverse defendant, Doug Cleary ("Cleary"), are claims for which individuals cannot be held liable. (*Id.* ¶ 10.) If so, no claim could be stated against Cleary, and removal would be proper.

---

[1] Because the Court remands this case to state court, no action is taken on the request for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04047-JHN-PJWx | Date | October 18, 2010 |
|---|---|---|---|
| Title | Deanna Clark v. KMart Corp. et al | | |

However, the Court finds that whether Defendants' assertion is correct or not, the outcome is the same. On one hand, if a claim could be stated against Cleary, he was not fraudulently joined, removal was not proper, and remand is necessary. On the other hand, even if Cleary was fraudulently joined in the first instance, subsequent events in the litigation now require remand.

After removal, Plaintiff filed two amended complaints. The operative complaint is the Second Amended Complaint ("SAC"), filed on September 1, 2010 (docket no. 24), after the Court's Order of August 11, 2010, dismissing the prior complaint and giving leave for Plaintiff to file an amended complaint. (Docket no. 23.)

The SAC alleges additional claims against Cleary and the other Defendants: hostile work environment harassment, which is a violation of California Government Code section 12940(j)—a part of the Fair Employment and Housing Act ("FEHA")—and violation of the California Family Rights Act ("CFRA"), California Government Code section 12945.2.[2]

Plaintiff's claim for hostile work environment harassment under FEHA includes harassment "based upon her sex, medical condition and/or disability." (SAC ¶ 63.) To successfully state a claim for hostile work environment sexual harassment, a plaintiff must establish the following requirements:

> (1) [P]laintiff belongs to a protected group; (2) plaintiff was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior.

*Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989). In showing an abusive working environment, the plaintiff must establish "that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that she was actually offended." *Id.* at 609 (footnote omitted). The same requirements apply to claims for harassment based on disability. *Muller v. Auto. Club of S. Cal.*, 61 Cal. App. 4th 431, 446 (1998), *overruled on other grounds by Colmenares v. Braemer Country Club, Inc.*, 29 Cal. 4th 1019, 1031 n.6 (2003).

FEHA allows individual liability for a harassment claim. Cal. Gov't Code § 12940(j)(3) ("An employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee. . . ."). Thus, if Plaintiff alleges facts sufficient to establish a claim for harassment, Cleary can be held individually liable under FEHA. The respondeat superior requirement would not apply for such a claim.

---

[2] In response to Defendants' argument that the claim under CFRA cannot be maintained against Cleary because there is no individual liability under that statute (Mot. 17), Plaintiff voluntarily dismissed that claim as against Cleary (Opp'n 26).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04047-JHN-PJWx | Date | October 18, 2010 |
|---|---|---|---|
| Title | Deanna Clark v. KMart Corp. et al | | |

Defendants argue that Plaintiff has failed to allege facts supporting a claim of hostile work environment harassment. (Mot. 14–16; Reply 13–16.) The Court disagrees. The allegations in paragraphs 13 through 15 of the SAC establish a plausible claim of an abusive working environment based on Cleary's conduct. Additionally, contrary to Defendants' assertion that "[t]he Opposition fails to identify even a single allegation in the SAC that would show that Cleary engaged in his alleged behavior because of Plaintiff's gender" (Reply 16), the SAC in fact alleges that Cleary made "derogatory and demeaning comments regarding [Plaintiff's] motherhood and the fact that she is a woman." (SAC ¶ 15.)

Because the Court concludes that Plaintiff has stated a claim against Cleary, his presence in the lawsuit is proper, but defeats the Court's diversity jurisdiction. Remand is therefore necessary. *See Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993), *disapproved on other grounds by McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir 1999) (requiring remand of a case under 28 U.S.C. § 1447(e) after the district court had accepted an amended complaint that joined a nondiverse party); *Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2008 WL 2157000, at *8 (N.D. Cal. May 21, 2008) (noting that an amendment that states a claim against a defendant who previously was fraudulently joined "would effectively be joining a nondiverse defendant subsequent to removal," implicating § 1447(e)).

The Court REMANDS this case to the Superior Court of California for the County of San Bernardino. All pending matters, including Defendants' Motion (docket no. 25) and Plaintiff's Request for Default Judgment (docket no. 32), are VACATED.

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |